- Diana Trevino — Hidalgo County, Texas; and
- Jeff and Diane Walker — Montgomery County, Texas.

## II. SPECIAL EXCEPTIONS

Subject to the foregoing Motion to Transfer Venue and without waiving same, Ocwen specially excepts to the following allegations contained in Plaintiffs' Original Petition pursuant to Texas Rules of Civil Procedure 90 and 91:

1. Ocwen specially excepts to Plaintiffs' Original Petition because Plaintiffs failed to plead the maximum amount of damages claimed. The Court "shall require the pleader to amend so as to specify the maximum amount claimed" upon exception. TEX. R. CIV. P. 47.

2. Ocwen specially excepts to Plaintiffs' negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims because Plaintiffs have not pleaded damages that are separate and apart from breach of contract damages. When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991). There are no circumstances that could give rise to claims for negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty because Plaintiffs' remedies and the duties of the parties arise from and are governed by contract, and thus Plaintiffs' negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims cannot succeed and fail as a matter of law.

3. Ocwen specially excepts to Plaintiffs' intentional infliction of emotional distress claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. In order to recover under a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant acted intentionally or recklessly; (2) the emotional distress suffered by the plaintiff was severe; (3) the defendant's conduct was extreme

and outrageous; (4) the defendant's conduct proximately caused the plaintiff's emotional distress; and (5) there is no alternative cause of action that would provide a remedy for the severe emotional distress caused by the defendant. *See Hoffman-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 445 (Tex. 2004); *Tiller v. McLure,* 121 S.W.3d 709, 713 (Tex. 2003). Not only have Plaintiffs failed to allege these elements, they have failed to set forth any supporting facts. For example, Plaintiffs do not allege that no other cause of action provides a possible remedy for their alleged emotional distress. In fact, Plaintiffs seek recovery for their alleged "mental anguish" and "emotional stress" via their unreasonable debt collection practices and TDCPA claims as well. Plaintiffs have failed to plead all elements necessary to support an intentional infliction of emotional distress claim. Without this elemental and factual information, Ocwen does not have sufficient notice of the claims raised against it in order to prepare a proper defense. Therefore, Plaintiffs should be required to replead, and, in the event that they fail to adequately do so, their intentional infliction of emotional distress claim should be stricken. Further, there are no circumstances that could give rise to a claim for intentional infliction of emotional distress because, among other things, Plaintiffs have alternative causes of action that provide a basis of recovery for their alleged emotional stress, and thus Plaintiffs' claim for intentional infliction of emotional distress cannot succeed and fails as a matter of law.

    4.  Ocwen specially excepts to Plaintiffs' breach of fiduciary duty claim because there is no special relationship or any other facts - pleaded or otherwise - that would support the imposition of a fiduciary duty on Ocwen. There are no circumstances that could give rise to a claim for breach of fiduciary duty, and thus Plaintiffs' claim for breach of fiduciary duty cannot succeed and fails as a matter of law.

5. Ocwen specially excepts to Plaintiffs' wrongful foreclosure claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. A claim for wrongful foreclosure requires that a foreclosure actually occurred. *See Wieler v. United Sav. Assn of Texas,* 887 S.W.2d 155, 158 (Tex. App.-Texarkana 1994, writ denied). Wrongful foreclosure requires that a plaintiff prove that irregularities in the foreclosure sale caused the property to be sold for a grossly inadequate price. *American Sav. & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 587 (Tex. 1976); *Weiler,* 887 S.W.2d at 158. Plaintiffs did not allege this element. Without this elemental and factual information, Ocwen does not have sufficient notice of the claims raised against it in order to prepare a proper defense. Therefore, Plaintiffs should be required to replead, and, in the event that they fail to adequately do so, their wrongful foreclosure claim should be stricken.

6. Ocwen specially excepts to Plaintiffs' unreasonable debt collections practices under Texas common law claim because Plaintiffs fail to state a cause of action upon which relief may be granted. Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. *Woodrum v. Bradley,* 1990 Tex. App. LEXIS 2497, *10 (Tex. Civ. App. – Houston, Oct. 11, 1990, writ denied) ("Unreasonable collection efforts are defined as efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.") Accordingly, their claim for common law unreasonable debt collections practices should be struck.

7. Ocwen specially excepts to Plaintiffs' Texas Debt Collection Practices Act, TEX. FIN. CODE §§ 392.001, *et seq.* ("TDCPA"), claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. Ocwen also specially excepts to Plaintiffs' TDCPA claim because Ocwen is not a "debt collector" under the TDCPA.

There are no circumstances that could give rise to a claim under the TDCPA, and thus Plaintiffs' TDCPA claim cannot succeed and fails as a matter of law.

8. Ocwen specially excepts to Plaintiffs' Texas Deceptive Trade Practices Act ("DTPA") claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. In order to establish a violation of the DTPA, Plaintiffs must demonstrate (a) that they are "consumers"; (b) that Ocwen can be sued under the Act; (c) that Ocwen committed a false, misleading, or deceptive act or practice, and (d) that Ocwen's actions were a producing cause of Plaintiffs' damages. *See* TEX. BUS. & COM. CODE §§ 17.41-17.63. Plaintiffs, however, have failed to plead any facts demonstrating (1) that they are consumers under the DTPA, (2) that Ocwen committed a false, misleading, or deceptive act, and/or (3) how Ocwen's alleged actions were both a cause in-fact and a substantial factor in causing Plaintiffs' alleged damages. For example, Plaintiffs conclusively allege that "[t]he conduct of Defendants violates the DTPA." But Plaintiffs never articulate the specific actions that give rise to their DTPA claim, nor do they even allege that Defendants' actions constitute "false, misleading or deceptive practices." Without this information, Ocwen does not have sufficient notice of the claims raised against it in order to prepare a proper defense. Therefore, Plaintiffs should be required to replead, and, in the event that they fail to adequately do so, their DTPA claim should be stricken.

9. Ocwen specially excepts to Plaintiffs' DTPA claim because they are not "consumers" under the DTPA and because the subject matter of the transaction is not goods or services as required by the DTPA. *See La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 566 (Tex. 1984) (concluding that because the lending of money is neither a good nor a service, a person who seeks only to borrow money is not a consumer under the DTPA). There are no

circumstances that could give rise to a claim under the DTPA, and thus Plaintiffs' DTPA claim cannot succeed and fails as a matter of law.

## III.  GENERAL DENIAL

Subject to the foregoing Motion to Transfer Venue and without waiving same, Ocwen, pursuant to Rule 92 of the Texas Rules of Civil Procedure, generally denies each and every allegation contained in Plaintiffs' Original Petition and demands strict proof thereof.

## IV.  AFFIRMATIVE DEFENSES

Subject to the foregoing Motion to Transfer Venue and without waiving same, Ocwen pleads the following affirmative defenses:

1. Plaintiffs' claims are barred because one or more of the material obligations of the notes and security instruments have not been satisfied.

2. Plaintiffs' claims are barred by the equitable doctrine of waiver.

3. Plaintiffs' claims are barred by the waiver provisions contained in the security instruments at issue in this lawsuit.

4. Plaintiffs' claims are barred by the doctrine of *de minimus non curat lex*.

5. Plaintiffs' claims are barred by the doctrines of unclean hands and *in pari delicto*.

6. Plaintiffs' claims are barred by the doctrine of unjust enrichment.

7. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

8. Plaintiffs' claims are barred by the election of rights doctrine.

9. Plaintiffs' claims are barred by the applicable statute of limitations.

10. Any allegedly wrongful acts or omissions of Ocwen, if and to the extent such acts and omissions occurred, were legally excused or justified.

11. Plaintiffs' claims are barred by the "one satisfaction" doctrine.

12. Plaintiffs' claims are barred to the extent that they were contributorily and/or comparatively at fault for their damages. Among other things, Plaintiffs' own acts or omissions caused and/or contributed to their alleged damages.

13. Plaintiffs have failed to mitigate or minimize their damages.

14. Plaintiffs' claim for intentional infliction of emotional distress is barred because an alternative cause of action exists that would provide a remedy for Plaintiffs' alleged emotional distress.

15. Plaintiffs' prayer for rescission is barred by the United States and Texas Constitutions, including without limitation the Due Process Clause and the prohibitions on cruel and unusual punishments and excessive fines set forth in those Constitutions.

16. Ocwen claims all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

17. Ocwen denies that all conditions precedent to a right of recovery have been satisfied.

18. Plaintiffs are not entitled to punitive damages, and any and all excessive amounts of punitive damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the Constitution of the United States of America, all of which set limits on punitive damages.

19. Plaintiffs' claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

20. The Home Owners Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 *et seq.,* and its implementing rules and regulations (e.g., 12 C.F.R. § 560.2) preempts Plaintiffs' claims in whole or in part. In particular, same preempts:

a. the application of state laws to loan-related fees, including, without limitation, initial charges, late charges, pre-payment penalties, servicing fees and over-limit fees;

b. processing, originating, servicing, sale or purchase of, or investment or participation in, mortgages;

c. terms of credit; and

d. state laws whose effect on the lending operations of Ocwen Federal Bank FSB were more than incidental.

## V. PRAYER

WHEREFORE, Ocwen requests that this Court grant its Motion to Transfer Venue and dismiss all Plaintiffs and claims other than claims by Plaintiff Virginia Rosas, or alternatively, sever and transfer the claims to counties of proper venue. With respect to Plaintiff Virginia Rosas' claims, Ocwen requests that the Court deny each and every claim, cause of action and request for damages asserted against it; that Ocwen be dismissed from this action; that Ocwen recover its attorneys' fees and costs of court; and that Ocwen be granted any other legal or equitable relief to which it may be entitled.

Subject to and without waiving the foregoing Motion to Transfer Venue, Ocwen requests that this Court deny each and every claim, cause of action and request for damages asserted against it; that Ocwen be dismissed from this action; that Ocwen recover its attorneys' fees and costs of court; and that Ocwen be granted any other legal or equitable relief to which it may be entitled.

DEFENDANT'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO,
SPECIAL EXCEPTIONS AND ORIGINAL ANSWER– PAGE 12
Document # 1298590

Respectfully submitted,

By: /s/ *Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    State Bar Card No. 00787303

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 400
Dallas, Texas 75202
(214) 672-2000
(214) 672-2020 (fax)

    **LINDSAY L. STANSBERRY**
    State Bar Card No. 24041968

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, Texas 75702
(903) 596-9000
(903) 596-9005 (fax)

**ATTORNEYS FOR DEFENDANT OCWEN LOAN SERVICING, LLC, SUCCESSOR IN INTEREST TO OCWEN FEDERAL BANK FSB**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of October 2007, a true and correct copy of the foregoing document was delivered via certified mail, return receipt requested to the counsel of record listed below:

Edward M. Carstarphen, Esq.
Kori L. Westbrook, Esq.
ELLIS, CARSTARPHEN, DOUGHERTY & GOLDENTHAL, P.C.
5847 San Felipe, Suite 1900
Houston, TX  77057

William H. Oliver, Esq.
PIPKIN, OLIVER & BRADLEY, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, TX  78209

Robert C. Hilliard, Esq.
HILLIARD & MUNOZ, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX  78401

           /s/ Lindsay L. Stansberry
           **LINDSAY L. STANSBERRY**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| VIRGINIA ROSAS, ARMANDO AND MARIA CASTENEDA, LARRY COFFMAN, PATSY GOMEZ, DYLISALY HANDY, MICHAEL HARLAN, ARTHUR AND KATHY LAFOUR, MICHAEL AND TAMENNA NICHOLS, LASANDRA AND CORNELL APPLIN, STELLA SALAS, MARCILIA SALAZAR, KEITH AND ESTER SIMPSON, CURTIS AND ELIZABETH SONNTAG, DIANA TREVINO, AND JEFF AND DIANA WALKER, <br><br> Plaintiffs, <br> v. <br><br> OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, <br><br> Defendant. | Case No. |

## DECLARATION OF CHOMIE NEIL

I, Chomie Neil, do hereby declare under penalty of perjury that the following is true and correct:

1. I am currently employed by Ocwen Loan Servicing, LLC ("Ocwen Loan Servicing"), successor in interest to Ocwen Federal Bank FSB ("Ocwen Federal Bank"), as a Senior Loan Analyst. I held the position of research specialist from 1999 until July 2005 with Ocwen Federal Bank and held this position at Ocwen Loan Servicing until being promoted to Senior Loan Analyst in May 2006. I have reviewed the complaint in the above-entitled action.

As a result of my employment with Ocwen, and my review of the loan history, I have personal knowledge of the facts set forth in this affidavit.

2. Ocwen Federal Bank FSB was a federally charted thrift incorporated under the laws of the United States. Effective June 30, 2005, Ocwen Federal Bank FSB was dissolved and its mortgage loan servicing business was transferred to Ocwen Loan Servicing, LLC.

3. Ocwen Loan Servicing, LLC is a limited liability company. The sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corp. Ocwen Financial Corp. is a Florida corporation headquartered in Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 31st, 2007

CHOMIE NEIL

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Virginia Rosas, Armando & Maria Casteneda, Larry Coffman, Patsy Gomez, Dylisaly Handy, Michael Harlan, Arthur & Kathy LaFour, et al.

## DEFENDANTS
Ocwen Loan Servicing, LLC

**(b)** County of Residence of First Listed Plaintiff: **Nueces**
(EXCEPT IN U.S PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert C. Hilliard, HILLIARD & MUNOZ, L.L.P., 719 S. Shoreline Blvd., Suite 500, Corpus Christi, TX 78401, 361 882-1612 et al.

Attorneys (If Known)
Mark D. Cronenwett, Cowles & Thompson, PC, 901 Main ST, Ste. 4000, Dallas, TX 75202, 214.672.2000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332a
Brief description of cause:
Borrowers on home equity and mortgage loans dispute actions by the servicer of the loans.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: 10/30/2007
SIGNATURE OF ATTORNEY OF RECORD: Mark D. Cronenwett w/ perm. by us

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____